|  |  |  |
|---|---|---|
|  | ) | United States District Court |
| Andrew U. D. Straw | ) | Northern District of Indiana |
| Plaintiff | ) |  |
|  | ) | Case No.: 3:14-cv-1772 |
| v. | ) |  |
| Brenda Sconiers, and | ) | Jury Trial Not Demanded |
| Thomas Dixon, Sconiers' | ) |  |
| Attorney, and | ) |  |
| St. Joseph County | ) |  |
| Superior Court, | ) |  |
| Defendants | ) |  |

## COMPLAINT

1. I, plaintiff Andrew U. D. Straw, for my complaint for redress of damages from Americans with Disabilities Act violations by defendants Brenda Sconiers and Thomas Dixon, her attorney, and to preclude any violations by the St. Joseph County Superior Court, complain as follows:

## STATEMENT

2. Plaintiff, Indiana Attorney Andrew U. D. Straw, alleges that defendants Sconiers and Dixon did discriminate, harass, and retaliate against him on the basis of his disability by bringing a malpractice action in St. Joseph County Superior Court against him.

3. Plaintiff Straw alleges that defendants did harm him emotionally and professionally with such activity and seeks relief as this honorable Court deems fit.

4. Defendant Sconiers alleged that she was sexually harassed in her work at the St. Joseph County Public Library, and she filed her own Equal Employment Opportunity Commission complaint, alleging injury and damages on or about July of 2012. (See, Plaintiff's Exhibit 1)

5. Sconiers received a letter of right to sue with a time limit for filing in a federal court in early September of 2012. (See, Plaintiff's Exhibit 1)

6. Sconiers met with Straw in a church in South Bend on or about September 18, 2012, and they discussed how he might negotiate a settlement for her with the Library for damages, increased salary, and an apology, inter alia.

7. Sconiers and Straw agreed upon terms, and Attorney Straw agreed to negotiate with the Library and present her demand. He specifically excluded any court or trial work in the representation agreement, and it was understood that he has had disabilities which prompted him to limit his practice choices to negotiation at that time.

8. Straw is disabled and has a handicap parking placard. He has bipolar disorder and this was public knowledge and published in the South Bend Tribune on May 22, 2011.

9. Straw alleges that he has the right to limit the services he offers clients based on the disabilities he has, and providing only negotiation services and not trial work was part of his own accommodations for himself at that time.

10. Straw alleges that under the ADA, Titles II and IV, he has the right to accommodate his own disabilities and does not need to explain or justify himself to clients in doing so.

11. Straw alleges that so long as he provides the services agreed upon, he is not obliged to increase or change services to meet the convenience of a client, especially when the terms were set in a representation agreement and both parties agreed.

12. Straw presented Sconiers' demand to the Library, which rejected it outright and absolutely on or about October, 2012.

13. Straw went with Sconiers to the South Bend Police Department for her to file a complaint.

14. Sconiers never received compensation from the Library or an apology.

15. Sconiers never paid Straw any compensation for the work he did on her case.  Straw and Sconiers agreed that compensation was to be on contingency, and Sconiers received no payment from the Library.  Straw's receiving no payment is in accordance with the representation agreement.

16. Sconiers, after being informed that there was to be no negotiated agreement, did nothing to prepare for or file her federal case.  She did not ask Straw what she should do, how to prepare, or even how to draft a complaint.  She did not file her case, despite the fact that her letter of right to sue which she received from the EEOC stated the deadline to sue in bold print and underlined. (Plaintiff's Exhibit 1)

17. Straw went to Istanbul, Turkey in late September through the end of October, 2012.  He went there for personal and professional reasons, and studied the disability access conditions of the city on the Anatolian side.

18. Defendant Dixon has claimed that Straw's trip to Istanbul was the cause of his not filing Sconiers' federal case for her.  This despite the fact that the entire negotiation and communications with Sconiers and the Library happened while Straw was in Istanbul and this fact had no impact whatsoever on Straw's ability to work and communicate.  The Library never stated that its reason for refusal was Straw being located in Turkey while the negotiation took place.

19. Sconiers and Dixon have alleged that Straw took on the responsibility of filing Sconiers' case in federal court, despite the fact that Straw explicitly said in the representation agreement that he was not going to do these services, but would seek for someone to help her.

20. Straw mentioned her case to other attorneys, but none were interested in helping with her case.  Straw at no point said that if he was unable to find another attorney that *he* would *do trial work* for Sconiers.

21. Sconiers was apparently able to find a malpractice trial attorney, Mr. Dixon, who filed the *malpractice* suit.  Sconiers v. Straw, 71D07-1310-CT-00265.  Straw alleges that Sconiers was entirely capable of finding her own trial attorney, such as defendant Dixon, after Straw timely informed her that the negotiation Straw conducted was over.

22. Straw is a disability rights attorney who has been very active in Indiana and the 2nd congressional district, where he ran for Congress and where Ms. Sconiers lives.  Straw opposed discrimination by the 2nd district chair of the Indiana Democratic Party, who served on its State Committee and as an Indiana Election Commission member.  Straw has a case against the Indiana Democratic Party for violations of the Indiana Civil

4

Rights Law at the Indiana Court of Appeals, *Straw v. Indiana Democratic Party*, 93A02-1406-EX-00399.

23. Straw ran for circuit court judge in Elkhart County in 2010, but Straw alleges that the Democrats in Elkhart County refused to slate him due to his mental disability, such that the Democratic Party had no candidate for that office that year. Straw ran for superior court judge in St. Joseph County in January of 2013, and was interviewed by the committee chaired by an Indiana Supreme Court justice. Straw worked on disability issues as a staff member at the Indiana Supreme Court, and was deemed "qualified" to be the General Counsel for the U.S. Access Board in June of 2014. The U.S. Access Board sets the standards for disability access in the USA for the built environment.

24. Straw was deemed "highly qualified" to be the Director of Human Resources Management for the U.S. Department of Transportation in July of 2014. This is a Senior Executive Service position. Straw was also deemed "highly qualified" to be Attorney-Advisor for the U.S. Army Medical Command in May of 2014. This position is to advise disabled U.S. Army veterans on their rights and benefits.

25. Straw was the January 2014 ABA Commission on Disability Rights "Spotlight Attorney" with disabilities. In 2012, Straw was a member of the Green National Committee as the only Indiana Delegate to the Green National Convention, and he established the Green Party of the United States Disability Advisory Committee at the national level, with over 100 members. Straw founded the Disability Party of the United States, and this Party has over 1,200 followers in 38 countries as of July 2014.

26. Straw has had disability-based complaints before state and federal agencies and courts. These include the U.S. Treasury, the U.S. Department of Justice, the Indiana Civil Rights Commission,

      the Indiana Attorney General, the Illinois Attorney General, and the U.S. Navy (Camp LeJeune toxic water complaint).

27. Straw has a human rights and defamation state civil suit against a major newspaper and the Streamwood Chamber of Commerce in Illinois.  Straw v. Chamber, et. al., 2013L063066 (Cook Cty. Cir. Ct. 2013)  He has a federal suit against a large Chicago law firm currently before the U.S. Court of Appeals for the 7th Circuit for invasions of his health information and privacy, as a civil RICO matter.  *Straw v. Kloecker*, 14-1714 (7th Cir. 2014)

28. Finally, Straw has a federal case against all of the top 50 law schools in the United States for discrimination in law school admissions that affects Straw's Ph.D. choices to write his dissertation on discrimination in the American legal system against disabled lawyers and judges.

29. Straw has written to the U.S. Supreme Court seeking establishment of a disability office or officer to expand access in the federal courts.  He asked for a similar office in the Indiana Supreme Court.  Straw is advising a judge candidate who has disabilities in Indiana in 2014.

30. Straw alleges that the reason he took Brenda Sconiers' case was due to his experience fighting sexual harassment and discrimination in South Bend against the Housing Authority there, and in his work at the Indiana Supreme Court.  Straw proposed a national database of protective orders at the FBI to protect domestic violence victims across state lines.  Harvard's Kennedy School of Government and the Council for Excellence in Government chose this idea as one of the top e-government ideas in the United States in 2001.  This contest was announced in the first U.S. presidential webcast in 2000.  Several years later, the Indiana Supreme Court created a pilot project, and in 2009, the

Indiana legislature mandated this protective order registry in every Indiana county.

31. Straw thought Sconiers had a credible case with some evidence, but her insistence now, after the fact, that Straw was mandated to file court cases for her is totally unsupported by evidence, and contrary to Straw's rights as a lawyer with a disability to run his practice in a way that accommodates his disability.

32. Straw has not appeared for any client in a court case from the time his Indiana law license was reactivated in 2010, when he returned to the USA from New Zealand. Straw has appeared in the above court cases on his own account, but these are disability matters unique to him.

33. The state superior court should dismiss Sconiers' case as contrary to law. Straw asks this honorable Court to order the state court to dismiss Sconiers' case as contrary to the Americans with Disabilities Act. Straw asks for costs, attorney fees incurred as a result of the discriminatory malpractice action, and other relief as this honorable Court deems fit.

## JURISDICTION

34. The Court has jurisdiction over this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq. The alleged disability discrimination and retaliation are federal law subject matter.

## VENUE

35. Venue lies in this District and this Division pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in St. Joseph County, Indiana.

## REQUEST FOR RELIEF

36.    Plaintiff respectfully requests this honorable Court for injunctive relief.  In particular, St. Joseph County superior court should be mandated to dismiss the *Sconiers v. Straw* case with prejudice.  The state case below is based entirely on the fact that Straw refused to do trial or court work for clients, and he molded his practice in this manner consistently based on health reasons that were well known in the community.  Straw never promised anything that Sconiers uses as reasons for her malpractice case, so the case is purely discriminatory in nature and should be dismissed with prejudice.

37.    Straw has not represented any client in state or federal court up to this time, or made an appearance for a client in court.  The *Sconiers v. Straw* case is in ***retaliation*** against Straw's right, which he exercised, not to do work that aggravated his disabilities at that time.  The ADA, Title II, states, "…no qualified person with a disability shall, by reason of such disability…be subjected to discrimination by such entity."  42 U.S.C. §12132.  The state court is governed by ADA, Title II, and must not discriminate, and Sconiers and her attorney are inappropriately using the state court in their discrimination and retaliation scheme.  Straw has a right against retaliation and coercion.  42 U.S.C. §12203(a, b).  Straw has the right to remedies.  42 U.S.C. §12133, 42 U.S.C. §12203(c).

38.    Straw has incurred expenses in defending against Sconiers' discriminatory malpractice case.  This federal case costs $400 to file.  He has incurred attorney expenses not covered by insurance in the malpractice case.  Straw respectfully requests this honorable Court to order Defendants Sconiers and Dixon to reimburse Straw costs and attorney fees, in particular because Sconiers' malpractice case is in its entirety a violation of the Americans with Disabilities Act and that Act provides for attorney

fees and costs. 42 U.S.C. §12205. Straw has a right against retaliation and coercion. 42 U.S.C. §12203(a, b). Straw has the right to remedies. 42 U.S.C. §12133, 42 U.S.C. §12203(c).

39. Straw has incurred emotional distress from a public attack on his competence as a lawyer in the filing of the *Sconiers v. Straw* lawsuit, which is an attempt to force Straw's insurance to pay $120,000 based on a false claim that is founded on discriminatory and retaliatory premises. Straw respectfully seeks relief from Defendant Brenda Sconiers and Defendant Attorney Thomas M. Dixon, jointly and severally, to compensate for these violations and damages as this honorable Court deems just under the Americans with Disabilities Act.

40. Plaintiff requests that trial of the above action should be held in South Bend, Indiana, and that the case be calendared accordingly. Plaintiff does not request trial by jury.

I, Plaintiff Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true.

                                                Respectfully submitted,

ANDREW U. D. STRAW
241A Brittany Drive
Streamwood, IL 60107
Telephone: (574) 971-0131
Fax: (877) 310-9097
andrew@andrewstraw.com

August 3, 2014

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT with the Court via its electronic CM/ECF system on August 3, 2014, and sent the above COMPLAINT with notice form and request for waiver of summons to the following via certified U.S. Mail, postage prepaid, on August 3, 2014:

Brenda Sconiers &
Thomas M. Dixon, Attorney at Law
Indiana Bar # 18611-71
55255 Birchwood Court
Osceola, IN 46561
Tel: (574) 315-6455

St. Joseph County Superior Court
101 South Main Street
South Bend, IN 46601
Tel: (574) 235-9635
Fax: (574) 235-9838

                                              Respectfully submitted,

                                              */s/ Andrew U. D. Straw*

                                              ANDREW U. D. STRAW
                                              241A Brittany Drive
                                              Streamwood, IL 60107
                                              Telephone: (574) 971-0131
                                              Fax: (877) 310-9097
                                              andrew@andrewstraw.com