UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW U.D. STRAW,            )
                              )
        Plaintiff,             )
                              )
    v.                         )    CAUSE NO. 3:14-CV-1772-JD
                              )
BRENDA SCONIERS, THOMAS M. DIXON, )
and ST. JOSEPH COUNTY SUPERIOR COURT, )
                              )
        Defendants.            )
                              )

OPINION AND ORDER

Pending before the Court are Defendants Brenda Sconiers, Thomas Dixon, and the St. Joseph County Superior Court's Motions to Dismiss [DE 5; DE 8; DE 10] Plaintiff Andrew U.D. Straw's complaint alleging violations of Title II and IV of the Americans with Disabilities Act (ADA). The motions were filed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(5) for insufficient service, and 12(b)(6) for failing to state a claim.

Because Straw's claims are utterly frivolous, the Court dismisses the claims for lack of subject matter jurisdiction consistent with Rule 12(b)(1). And even if Straw had established jurisdiction, the motions would be granted on the ground that Straw has failed to state a claim upon which relief can be granted consistent with Rule 12(b)(6).

*Standards of Review*

The standards applicable to Rule 12(b)(1) and (b)(6) motions are clear. Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter

jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which in this case is Mr. Straw. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, pleadings

consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp*., 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556; *United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. Walgreen Co.,* 719 F.3d 849, 853 (7th Cir. 2013) ("'Plausibility' is not a synonym for 'probability' in this context, but the plausibility standard does 'ask[ ] for more than a sheer possibility that a defendant has acted unlawfully.'") (citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679

(internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678.

*Facts*

The facts from the complaint establish that Plaintiff Andrew U.D. Straw, a licensed attorney in Indiana, proceeds in this action *pro se* against Defendants Brenda Sconiers (a former client of Straw's), Thomas Dixon (Sconiers' current attorney who represents her in a legal malpractice claim against Straw), and the St. Joseph County Superior Court (where the malpractice lawsuit pends, Case No. 71D07-1310-CT-000265). Straw claims that Sconiers and Dixon violated the ADA by forcing him to defend against the legal malpractice action, because Straw does not litigate—a self-imposed accommodation for his publically known bipolar disorder. As an aside, Straw makes this claim despite the fact that he is actually represented by another attorney in the malpractice action.

By way of history, the legal malpractice action was filed by Sconiers, with the assistance of her attorney Thomas Dixon, after Sconiers missed the filing deadline for suing the St. Joseph County Public Library for alleged sexual harassment. This malpractice action was filed against Straw premised on his alleged failure to timely file Sconiers' complaint against the Library; however, Straw asserts that the action is frivolous because although he represented Sconiers in pre-suit settlement discussions with the Library, Straw did not agree to represent Sconiers beyond the attempted settlement. According to Straw, he did not agree to file a lawsuit against the Library on Sconiers' behalf because he does not engage in trial work—the means by which Straw accommodates his disability. Thus, it is Straw's contention that by filing the legal malpractice

4

action, Sconiers and Dixon have harassed Straw and discriminated and retaliated against him on the basis of his bipolar disorder, all in violation of the ADA, 42 U.S.C. § 12101 *et. seq*.

The only claim made with respect to the St. Joseph County Superior Court, as odd as it sounds, is that because Sconiers and Dixon are "inappropriately using the state court in their [ADA] discrimination and retaliation scheme" [DE 1 at 8], and because the Court is subject to the ADA under Title II, then the Court should be mandated to dismiss Sconiers' malpractice lawsuit. *Id*. Straw has not alleged that the St. Joseph County Superior Court has itself engaged in any violations of the law, including the ADA. He only asserts that because the malpractice action itself is indicative of an ADA violation by Sconiers and Dixon, then their malpractice lawsuit ought to be ordered dismissed.

*Discussion*

Before addressing the merits of Straw's claims, the Court must consider the issue of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction. Generally, a court's jurisdiction in a civil case arises from a federal question, a deprivation of one's civil rights, or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332. Because federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," the Court is "bound to evaluate [its] own jurisdiction." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010) (internal citations and citations omitted). If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The only basis Straw asserts for invoking this Court's jurisdiction is federal question jurisdiction based on his claims arising under the ADA.

Enacted in 1990, the ADA was intended to level the playing field for some 43 million Americans with physical or mental disabilities. Ann K. Wooster, Annotation, *Actions Brought Under Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 et seq.—Supreme Court Cases*, 173 A.L.R. FED. 639 (2001). The ADA currently addresses employment in Title I, public entities and services in Title II, providers of public accommodations and services in Title III, telecommunications in Title IV, and contains other miscellaneous provisions, including an anti-retaliation and coercion provision, in Title V. *See Wisc. Cmty. Servs., Inc. v. City of Milwaukee* 465 F.3d 737, 750 (7th Cir. 2006) (the ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute, [42 U.S.C.] § 12111–12117; (2) public services, programs and activities, which are the subjects of Title II, *id.* § 12131–12165; and (3) public and private lodging, which is covered by Title III, *id*. § 12181–12189."); *see also*, Wikipedia, *Americans with Disabilities Act of 1990*, http://en.wikipedia.org/wiki/Americans_with_Disabilities_Act_of_1990#cite_ref-12 (last visited Dec. 19, 2014). An individual is disabled under the ADA if the individual has a physical or mental impairment that substantially limits one or more major life activities. *Id*.

Even assuming that Straw is disabled within the meaning of the ADA, he has not alleged, nor even suggested that Sconiers or Dixon are covered employers or similar agencies under 42 U.S.C. § 12111, are considered public entities or places of public accommodation, or that they provide public services, programs or activities, such that either one of them would be subject to the requirements of the ADA. Moreover, the only relationship that Straw claims to have had with defendant Sconiers is his previous legal representation of Sconiers for the purpose of negotiating a settlement with Sconiers' employer for alleged sexual harassment. And, defendant

6

Dixon's dealings with Straw are even further removed, apparently Dixon represents Sconiers in her legal malpractice action against Straw. Simply put, Straw's claim that Sconiers and Dixon are subject to the ADA and have violated the ADA by bringing a legal malpractice lawsuit against him which thereby causes Straw to violate his own self-imposed accommodation against litigation, is utterly frivolous and fails to allege even a colorable claim arising under the Constitution or laws of the United States. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820-21 (7th Cir. 2009); *see also*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *see also Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010) ("A suit that is utterly frivolous does not engage the jurisdiction of the federal courts . . . [w]hat that means as a practical matter is that if it is clear beyond any reasonable doubt that a case doesn't belong in federal court, the parties cannot by agreeing to litigate it there authorize the federal courts to decide it.") (citations and internal citations omitted). Thus, Straws wholly insubstantial and frivolous claims based on Sconiers and Dixon's violating Straw's self-imposed anti-litigation accommodation does not establish this Court's jurisdiction under the ADA.

With respect to Straw's request that the St. Joseph County Superior Court be required to dismiss the pending malpractice lawsuit, it is true that the ADA provides injunctive relief for aggrieved persons for violations of the ADA. *See* 42 U.S.C. § 12203(c). However, Straw does not allege that the state court itself has committed or is about to commit an ADA violation, rather, Straw alleges the court is being used by Sconiers and Dixon (by their filing of the malpractice lawsuit) to commit ADA violations. Straw has offered no authority supporting his

7

legal theory upon which his complaint hinges. As stated above, Straw has failed to even invoke this Court's jurisdiction under the ADA, let alone assert sufficient facts upon which any relief, including injunctive relief, could be granted under the ADA. Moreover, to the extent the ADA might expressly authorize the issuance of the type of injunction sought by Straw, *see* 28 U.S.C. § 2283, the principles of comity, equity, and federalism dictate that enjoining the state court action is not appropriate where the state trial court is competent to resolve the particular ADA issues raised by Straw's defense to the malpractice lawsuit.[1] *Zurich Am. Ins. Co. v. Super. Ct for the State of Cal.*, 326 F.3d 816, 824-26 (7th Cir. 2003); *see also, A.B. ex rel. Kehoe v. Housing Authority of South Bend*, No. 3:11 CV 163 PPS, 2011 WL 2692966, *5-6 (N.D. Ind. July 8, 2011).

Finally, to the extent Straw could attempt to base this Court's subject matter jurisdiction on diversity of citizenship,[2] for the reasons stated above, his ADA claims are wholly insufficient to state a claim upon which relief could be granted. Even if Straw's current allegations are taken as true, nothing Straw has alleged against the defendants makes them subject to the ADA's rubric of covering disability discrimination and retaliation. As such, dismissal is still required under Rule 12(b)(6).

Whether a dismissal for lack of subject matter jurisdiction or for failure to state a claim

---

[1] It cannot be said that the St. Joseph County Superior Court trial judges *themselves* are incapable of protecting Straw's ADA rights merely because, per Straw, the state court building is not in compliance with the ADA, other attorneys (not named in this lawsuit, but who have represented the state court) have an office not in compliance with the ADA, and the Supreme Court personnel and a major political party in South Bend have allegedly discriminated against Straw on the basis of his disability [DE 11].

[2] It appears Straw may be a citizen of Illinois while defendants are likely Indiana citizens.

upon which relief can be granted, the case will be dismissed without prejudice. However, on December 14, 2014, Straw filed a request to amend his complaint [DE 25]. He apparently wishes to include various claims against the Indiana Supreme Court and Brenda Rodeheffer (the Director of the Indiana Supreme Court's Office and Employment Law Services) [DE 25], as well as add other facts supporting his claims against the current defendants. The substance of Straw's proposed amendment and the precise legal basis for his various allegations are far from clear, and a court need not decide in the abstract whether a proposed amendment would be sufficient or futile. *See Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 506 (7th Cir. 2014). Given the shortcomings in Straw's filings thus far, including his facially inadequate motion for leave to amend the complaint, Straw must submit his proposed amended complaint along with an amended motion for leave to amend the complaint. *See* N.D. Ind. L.R. 15-1. Accordingly, Straw's first motion to amend the complaint is DENIED with leave to refile an amended motion for leave [DE 25]. Straw is given until January 30, 2015, to file an amended motion for leave to file an amended complaint, <u>which shall include a copy of the anticipated amended complaint</u>.

However, the Court notifies Straw that sanctions could be imposed should he attempt to pursue claims without sufficient factual and legal basis, as detailed by this Court herein. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "(1) it is not being presented *for any improper purpose*, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions *are warranted by existing law* . . . ; (3) the factual contentions have evidentiary support or, if specifically so

9

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .".) (emphasis added); Fed. R. Civ. P. 11(c) (authorizing the court to impose sanctions for a violation of Rule 11(b) after notice and a reasonable opportunity to respond). This is not the first time Straw has had a lawsuit dismissed as frivolous, and been threatened with sanctions. *See Straw v. Kloecker,* 576 F. App'x 607, 609 (7th Cir. 2014) ("We agree with the district court that Straw's lawsuit under RICO is frivolous, as is this appeal. Accordingly, we AFFIRM the judgment and order Straw to SHOW CAUSE within 30 days why he should not be sanctioned under Fed. R. App. P. 38 for taking this appeal."). If no amended request to file an amended complaint is filed by January 30, 2015, then judgment will be entered against Straw, and this case will be terminated. Should Straw file an amended motion for leave to file an amended complaint, that motion and the pending request for discovery [DE 22] will be handled by the magistrate judge assigned to this case.

***Miscellaneous Matters—Straw's Requested Sanctions and Summary Judgment***

Attorney Dixon has put Straw on notice of his intent to seek sanctions if Straw does not voluntarily withdraw the present action given its frivolity. In response, Straw sought Rule 11 sanctions against defendants [DE 13] for threatening to seek sanctions against Straw and for continuing to litigate the state malpractice action. It doesn't appear that Straw ever attempted to comply with Rule 11(c)(2)'s requirement that such a motion must first be served on the opposing party prior to its filing with the Court. Regardless, as the record stands to date, nothing with respect to Dixon's alleged conduct involving this utterly frivolous lawsuit supports Straw's request for sanctions, and the motion is summarily denied [DE 13]. In fact, it is Straw's conduct that may ultimately warrant sanctions as previously indicated herein.

On December 7, 2014, Straw also moved for summary judgment [DE 21]. Although the matter is not yet ripe, given the above discussion, it is clear that Straw is not entitled to summary judgment against the current defendants. Moreover, Straw seemingly sought summary judgment against parties who are not even defendants to this action—the Indiana Supreme Court, Brenda Rodeheffer, and Kevin Smith. Accordingly, Straw's motion is DENIED AS MOOT with leave to refile in the event the complaint is allowed to be amended.

SO ORDERED.

ENTERED: 12/30/2014

/s/ JON E. DEGUILIO
Judge
United States District Court