UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANDREW U.D. STRAW, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil No. 3:14-CV-1772 JD |
| THOMAS M. DIXON, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Pending before the Court are the: (1) "Petition for Review of U.S. Magistrate Judge's Ruling Under Federal Rule of Civil Procedure, Rule 72(b)," filed by pro se Plaintiff, Andrew U.D. Straw, on April 23, 2015 [DE 44]; and (2) "Motion to Correct," filed by pro se Plaintiff, Andrew U.D. Straw, on May 25, 2015 [DE 52]. The Court has reviewed the Order of United States Magistrate Judge Christopher Nuechterlein [DE 43] and, for the reasons set forth below, Plaintiff's Petition for Review [DE 44] is **DENIED**. The Motion to Correct [DE 52] is **GRANTED** and the Court notes that in Straw's Petition for Review [DE 44] Straw did not physically accompany Brenda Sconiers to the police to file a report, but asked her to go make a report.

## Background

This case originally stems from a legal malpractice claim pending in St. Joseph County Superior Court against Plaintiff, Case No. 71D07-1310-CT-000265. The underlying malpractice action was filed by the Defendant in this case, Brenda Sconiers, who had been represented by Plaintiff, Straw, in an employment discrimination case. Thomas Dixon, also a defendant in this case, is Sconiers' attorney in the state case. In the state court action, Sconiers alleges that Straw's representation amounted to malpractice because he missed the applicable statute of limitations,

withdrew his representation without notifying her, and failed to assist her in preserving her rights before the statute of limitations ran.

Plaintiff Straw, a licensed attorney who is proceeding pro se in this action, originally claimed that Sconiers and Dixon violated the ADA by forcing him to defend against the legal malpractice action, in violation of his alleged bipolar disorder. Straw's original complaint also demanded that the St. Joseph County Superior Court dismiss the legal malpractice action.

On December 30, 2014, this Court granted Defendants' motions to dismiss, ruling Plaintiff's complaint lacked subject matter jurisdiction under the ADA (because Straw failed to allege that Sconiers or Dixon was subject to the requirements of the ADA), did not clearly establish subject matter jurisdiction based on diversity of citizenship, and also failed to state an ADA claim upon which relief could be granted [DE 29 at 6-9]. This Court also denied Straw's first motion to amend the complaint as facially inadequate, and gave Straw time to file an amended motion for leave to file an amended complaint, specifying the motion should include a copy of the anticipated amended complaint [*Id.* at 9]. The Court also warned Straw that sanctions could be imposed should he attempt to pursue claims without sufficient factual and legal bases.

On January 30, 2015, Straw timely filed a motion to amend the complaint [DE 30]. In the proposed amended complaint, Straw alleges facts as far ranging as being employed by and then fired by the Indiana Supreme Court because of discrimination based on his disability, to his brother serving in the Air Force in Afghanistan [ DE 31 at 20]. Straw also alleges Brenda Rodeheffer, Indiana Supreme Court Employment Law Director and ADA Coordinator, filed a disciplinary complaint against him and then shared it with Dixon, who allegedly used the information for defamatory purposes in the state legal malpractice action against Straw [*Id.* at 26-30]. The proposed

amended complaint suggests that Dixon, Rodeheffer, the Indiana Supreme Court, and the Indiana Democratic Party all colluded together against him [*Id.*].

Based upon these alleged facts, Straw sought to plead the following three counts in the amended complaint: (1) intentional infliction of emotional distress against the Indiana Supreme Court for $150,000 and against Brenda Rodeheffer, individually and in her capacity as an officer of the Indiana Supreme Court, for $90,000; (2) constitutional torts pursuant to 42 U.S.C. § 1983 related to Straw's rights as a person with physical and mental disabilities against the Indiana Supreme Court for $300,000; and (3) intentional infliction of emotional distress against Thomas Dixon for $300,000 [DE 31 at 2, 31].

Magistrate Judge Nuechterlein denied the motion for leave to amend in a thorough and well reasoned order dated April 23, 2015 [DE 43]. The Magistrate Judge found that even assuming, *arguendo*, that Straw successfully pleaded diversity jurisdiction in his amended complaint as to Dixon and Rodeheffer, Straw's proposed claims could not withstand a motion to dismiss for failure to state a claim [DE 43 at 5]. The Magistrate Judge ruled that the proposed amended complaint "simply repackages the same conclusory, frivolous claims previously rejected by this Court." [DE 43 at 5.] Addressing the claims for intentional infliction of emotional distress, the Magistrate Judge found that Plaintiff failed to allege "extreme and outrageous conduct." *Powdertech, Inc. v. Joganic*, 776 N.E.2d 1251, 1264 (Ind. Ct. App. 2002) (ruling conduct constitutes "extreme and outrageous conduct" if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Regarding the Section 1983 constitutional claims, the Magistrate Judge found that because of its status as a state entity, the Indiana Supreme Court is immune from suit under the

3

Eleventh Amendment, and Rodeheffer's alleged conduct did not support a Section 1983 claim [DE 43 at 8]. In the same order, the Magistrate Judge also denied as moot Straw's motion for a Rule 26(f) conference and motions to supplement.

Straw filed the instant petition for review of the Magistrate Judge's order later the same day, on April 23, 2015 [DE 44]. Straw contends that the Magistrate Judge erred in denying his motion for leave to amend the complaint. One paragraph in his petition for review states, "<u>I am being sued for malpractice because I did not commit malpractice</u>" [DE 44 at 3 (emphasis in original)] and in his memorandum in support, Straw claims, "[o]ne of the things prospective defendant Indiana Supreme Court did is take my idea for a national protective order database and build it in the state of Indiana." [DE 48 at 1.]

## **Discussion**

There is an initial question as to the applicable standard of review in this case. Straw brings his petition for review under Federal Rule of Civil Procedure 72(b). Rule 72(b) covers review of dispositive motions handled by magistrates, which district judges review de novo. Fed. R. Civ. P. 72(b)(3). On the other hand, Rule 72(a) covers review of nondispositive matters handled by magistrates, which district judges review for clear error or if it is contrary to law. Fed. R. Civ. P. 72(a).

The decision that is being reviewed is the Magistrate Judge's order on Plaintiff's motion for leave to amend his complaint [DE 43]. The magistrate judge's statute, 28 U.S.C. § 636(b)(1)(A), lists dispositive motions on which a magistrate judge may not issue a final ruling without de novo review by the district judge, and motions to amend pleadings are not included in this list. This Court finds that the Magistrate Judge's denial of Straw's motion to amend his complaint was

nondispostiive, subject only to review for clear error. *See, e.g., Hall v. Norfolk S. R.R. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (analyzing the standard of review of a magistrate's denial of a motion to amend a complaint and determining the decision was "subject only to review for clear error"); *Wingerter v. Chetser Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1999) ("The magistrate judge was authorized to rule on the motion for leave to file the Third Amended Complaint pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that the district court may designate a magistrate judge to hear and determine, with certain exceptions not relevant here, any nondispositive pretrial matter.").

This Court's review of orders on non-dispositive matters made by magistrate judges, such as the issue here, is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a)(2). The United States Supreme Court explained the term "freely given" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

> to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.-the leave sought should, as the
> rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the plaintiff should be afforded an opportunity to test the claim on the merits. *See Foman*, 371 U.S. at 182. Futility is generally measured by whether the amendment can withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Under federal pleading standards, to survive a motion to dismiss:

> [A] complaint must contain sufficient factual matter, accepted as true, to
> state a claim to relief that is plausible on its face. A claim has facial
> plausibility when the plaintiff pleads factual content that allows the court
> to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original) (citations omitted).

In this case, many of the claims in the proposed amended complaint are confusing, fantastical, and vague. Here, the Court cannot say the Magistrate Judge committed any clear error in

6

his order dated April 23, 2015 [DE 43]. This Court agrees with the Magistrate Judge's finding that the proposed amendments are futile. Even if this Court applied the more stringent standard of de novo review, Straw's claims still fail, and this Court would still uphold the findings of the Magistrate Judge.

**I. Denying the Motion to Amend the Complaint to State a Claim for Intentional Infliction of Emotional Distress is not Clearly Erroneous or Contrary to Law**

Intentional infliction of emotional distress under Indiana law is the intent to harm someone emotionally and requires that the defendant: (1) engage in extreme and outrageous conduct; (2) which intentionally or recklessly; (3) causes; (4) severe emotional distress to another. *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). The requirements to prove this tort are rigorous and it is found only when the conduct "exceeds all bounds typically tolerated by a decent society and causes mental distress of a very serious kind." *Id*.

In this case, Straw does not include allegations that could constitute extreme and outrageous conduct. Dixon's representation of Sconiers in her legal malpractice action is not extreme conduct, especially considering Sconiers' allegations that Straw allowed a statute of limitations to expire in her lawsuit. Dixon's alleged use of the disciplinary complaint against Straw is also reasonable given the propriety of considering an attorney's professional conduct in a legal malpractice action. Straw's bare accusations, without any supporting facts, that Dixon, Rodeheffer, and the Indiana Supreme Court colluded against him to cause emotional distress, are simply insufficient. As such, this Court cannot say "it is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. To the contrary, this Court concurs with the analysis and findings of the Magistrate Judge that Straw's proposed amended complaint does not properly state a claim for intentional infliction of emotional distress.

7

**II. Denying the Motion to Amend the Complaint to State Claims Under Section 1983 is not Clearly Erroneous or Contrary to Law**

As to the proposed Section 1983 constitutional claims against the Indiana Supreme Court, the Supreme Court has held that neither a State, nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Joseph v. Board of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). The Eleventh Amendment bars Section 1983 claims for damages against state officers in their official capacity because the State, in such a suit, is the real party in interest. *See, e.g., Will*, 491 U.S. at 71 (state officials are not "persons" for the purposes of § 1983 where the relief sought is monetary in nature); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007)("The [Eleventh] Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities"); *Porco v. Trustees of Indiana Univ.*, 453 F.3d 390, 394-95 (7th Cir. 2006) (finding Eleventh Amendment protected the defendants sued in their official capacities from satisfying a money judgment). Because of its status as a State entity, this Court concurs that the Eleventh Amendment bars suit against the Indiana Supreme Court. *See, e.g., Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999) ("[Plaintiff's] action against the Supreme Court of Indiana . . . is dismissed because suit is barred by the Eleventh Amendment.").

To the extent Straw intended to pursue a supervisory liability theory against the Indiana Supreme Court for Rodeheffer's conduct, that claim cannot succeed. The doctrine of respondeat superior, or supervisory liability, does not apply to Section 1983 actions. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) ("However, § 1983 does not allow actions against individuals merely for their supervisory role of others."). In sum, this Court does not find any

8

portion of the Magistrate Judge's order clearly erroneous or contrary to law.

## III. Motion to Correct

On May 25, 2015, Straw filed a Motion to Correct [DE 52], stating he inadvertently alleged in his petition for review [DE 44] that he physically accompanied Sconiers to the police to file a report. In the Motion to Correct, Straw asks that the allegation be corrected to state that he asked Sconiers to go make a report, but did not accompany her to the police station [DE 52 at 3]. The motion to correct is granted, and the correction noted.

## **Conclusion**

The Court has reviewed the Order of United States Magistrate Judge Christopher Nuechterlein [DE 43] and for the reasons set forth above, Plaintiff's Petition for Review [DE 44] is **DENIED**. The Motion to Correct [DE 52] is **GRANTED** and the Court notes that in Straw's Petition for Review [DE 44] Straw did not physically accompany Brenda Sconiers to the police to file a report, but asked her to go make a report.

SO ORDERED.

ENTERED: December 1, 2015

                                                 /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court